IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BARRY KNUDSEN,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　Petitioner,　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　v.　　　　　　　　　　　　　　　　　:　　Civ. No. 13-MC-110-LPS
　　　　　　　　　　　　　　　　　　　:
UNITED STATES OF AMERICA,　　　　　　:
INTERNAL REVENUE SERVICE,　　　　　　:
GREGORY ALLISON, IRS AGENT,　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　Respondents.

## MEMORANDUM ORDER

Pending before the Court is Respondent United States of America's Motion to Dismiss (D.I. 4) the Petition to Quash the Internal Revenue Service's ("IRS") Third Party Summons (the "Summons") (D.I. 1). For the reasons discussed below, the Court will GRANT the Motion.

## BACKGROUND

This action arises out of an IRS summons issued to Chase Bank in order to collect the assessed tax liability of Barry Knudsen (the "Taxpayer") for the tax year 2008. (*See* D.I. 1 at 6; D.I. 4 ex. A; *see also* D.I. 4-2 ¶¶ 3, 11) On April 1, 2013, the Taxpayer petitioned this Court to quash the Summons pursuant to 26 U.S.C. § 7609. (D.I. 1 at 1, 6) In the petition, the Taxpayer alleges that the Summons should be quashed because the IRS failed to follow the notification requirements of 26 U.S.C. § 7609(a); the IRS failed to follow the notification requirements of 26 U.S.C. § 7602(c)(1) and (2); the Summons was issued in reference to a criminal investigation and, thus, in violation of 26 U.S.C. § 7602(d)(2)(A); the IRS did not issue the Summons in good faith; the Summons violates "the Privacy Laws" of the United States and Missouri; and the

1

Summons violates the Fourth and Fourteenth Amendments of the Constitution. (*See* D.I. 1 ¶¶ 8-13)

On June 25, 2013, the government responded by filing a motion to dismiss the petition for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). (D.I. 4) As part of its motion, the government also asked this Court to enforce the Summons against under 26 U.S.C. § 7604. (*Id.*) The Court considers the government's motion to dismiss for lack of subject matter jurisdiction below.[1]

## LEGAL STANDARDS

"Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim." *Samsung Elec. Co., Ltd. v. ON Semiconductor Corp.*, 541 F. Supp. 2d 645, 648 (D. Del. 2008). Where subject matter jurisdiction is challenged based upon the sufficiency of jurisdictional facts, the Court may consider matters outside the pleadings to satisfy itself that it has jurisdiction. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006). Plaintiff bears the burden of establishing jurisdiction. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

## DISCUSSION

The government moves to dismiss the petition on the basis that 26 U.S.C. § 7609 does not provide the Taxpayer a proceeding to quash. (D.I. 4-1 at 3-4) The government also argues that the Taxpayer has failed to meet his burden with respect to his privacy law claims, and that

---

[1]The Court does not make any determinations with respect to the government's motion to enforce.

the Fourth and Fourteenth Amendments are inapplicable. (*Id.* at 3) The Taxpayer has not responded to the government's motion.

Pursuant to 26 U.S.C. § 7609(h)(1), governing petitions to quash, the "United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)." Section 7609(b)(2)(A) gives "any person who is entitled to notice of a summons under subsection (a) . . . the right to begin a proceeding to quash such summons." In turn, subsection (a) requires the IRS to serve notice on "any person . . . identified in the summons" when the summons requires the production "of testimony on or relating to, the production of any portion of records made or kept on or relating to" said person.

Here, the Summons to Chase identifies the Taxpayer and requests production of his credit card records. (*See* D.I. 1 at 6; D.I. 4 ex. A) However, this does not give the Taxpayer the opportunity to petition to quash the Summons because, pursuant to § 7609(c)(2)(D)(i), an exception to the notice requirement and/or right to petition is carved out with respect to any summons "issued in aid of the collection of . . . an assessment made . . . against the person with respect to whose liability the summons is issued." The Summons here was issued to Chase in order to "collect[] the previously assessed federal income tax liability of [Taxpayer] for the 2008 tax year." (D.I. 4-2 ¶ 3) Thus, the Court lacks jurisdiction to hear Plaintiff's petition. *See Knudsen v. United States*, 2013 WL 5947031, at *1 (D. Ariz. Nov. 6, 2013) ("Here, Knudsen is the assessed taxpayer. As such, he was not entitled to receive notice of the summons and thus lacks standing to bring this action to quash the summons.").

The Taxpayer also alleges that the IRS violated the "Privacy Laws" of Missouri and the United States by issuing the Summons on Chase for his credit card records. (D.I. 1 ¶¶ 12-13) The Taxpayer does not cite any such laws in his complaint and has not responded to the government's motion. The Court finds no evidence in the record to support his conclusory allegations with respect to privacy or the Fourth or Fourteenth Amendments.

## **CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Respondent United States of America's motion to dismiss (D.I. 4) is GRANTED. The Taxpayer's petition (D.I. 1) is DISMISSED. The Clerk of Court is directed to CLOSE this case.

August 19, 2014
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

4